UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cr-20413-Gayles

UNITED STATES OF AMERICA,

v.

LESTER DELGADO ECHEVARRIA.
_____/

**SENTENCING MEMORANDUM**

Lester Delgado Echevarria ("Mr. Delgado") is a 35-year-old father of one who stands before the Court to be sentenced for his role as nominee owner of a company that fraudulently billed Medicare. Mr. Delgado has been in this Country since 2019 and has worked consistently. He is a talented electrician who, as evidenced by letters sent to the Court, enjoys an excellent reputation for decency, hard work, and commitment to family and friends.

Mr. Delgado cooperated with the government almost immediately and has moved quickly to make sure that the government does not expend resources towards his prosecution. He has met with the government on more than one occasion and has otherwise behaved admirably during the pendency of the case. His status as a first offender combined with his role in this case suggests that a sentence within the guidelines is too harsh. For these reasons and the recent passing of the amended sentencing guidelines principles the Court should sentence Mr. Delgado below the guidelines range.

The amendments to the sentencing guidelines, which have been adopted by the U.S. Sentencing Commission and are set to become effective on November 1st of this year, recommend lower sentences for defendants, like Mr. Delgado, who have zero criminal history

points.[1] Notably, the Commission has voted to adopt a new § 4C1.1 that would reduce the total offense level by two points for zero-point defendants meeting the following criteria, all of which are met by Mr. Delgado: "(1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." Id., at 11-12. A two-level reduction of Mr. Delgado total offense level would yield an advisory range of 18 to 24 months. The newly adopted amendments reflect the Sentencing Commission's judgment that the current guidelines, at least in the case of first-time offenders with zero criminal history points, yield sentences that are too high. And only a few months from now, sentences imposed in cases just like this one will be anchored by guidelines that are lower than those applicable to the case today. Thus, a sentence below the guideline range here would be appropriate both to accurately reflect Mr. Delgado's conduct and history based on the Sentencing Commission's most updated thinking, and to avoid unwarranted disparities whether looked at in terms of

---

[1] Amendments to the Sentencing Guidelines (Preliminary), *U.S. Sentencing Commission*, chrome-extension: https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-RF.pdf (Apr. 5, 2023), at i-ii.

2

historical trends or directives that will apply to similarly situated defendants in the immediate future.

Further the Commission amended Section 5C1.1 application note 4 to advise that a sentence other than imprisonment is generally appropriate if the person is in Zone A or B of the Sentencing table and gets a Section 4C1.1 reduction.  It also advises that a sentence of non-imprisonment may be appropriate for a person in any sentencing zone if they qualify for Section 4C1.1 and the guideline range overstate the gravity of the offense.

Mr. Delgado is charged with Medicare fraud as a nominee owner.  The loss amount contributes 14 points to the offense level.   Nominee owners are not involved in the billing nor are they the recipients of the bulk of the monies received from the fraud and are paid a fixed sum to serve as the face of the company and draw the attention of law enforcement.  For those reasons the loss amount does not accurately reflect Mr. Delgado's participation and overstates his responsibilities and/or duties.  Had Mr. Delgado personally received the entirety of the stolen funds, the guideline range would be pretty much as they are now.  This case appears to be the exact non-incarceration scenario anticipated by the Sentencing Commission.  A first offender with no statutory aggravators looking at a relatively low sentencing range.  Mr. Delgado should receive a reduction of 2 points and a sentence other than imprisonment as suggested by the new Sentencing Guidelines Amendments.

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided to all relevant parties herein via the CM/ECF system.

                                                Respectfully submitted,

                                                JUAN DE JESUS GONZALEZ, LAWYER, PA
                                                Attorney for Lester Delgado Echevarria
                                                2460 S.W. 137 Avenue, Suite 254
                                                Miami, Florida 33175
                                                305-596-4500 office
                                                305-596-4515 fax
                                                786-486-9708 cell
                                                JuanGonzalezLaw@aol.com

                                                */s/ Juan de Jesus Gonzalez*
                                                _____
                                                Juan de Jesus Gonzalez, Lawyer
                                                FBN 371904